UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHRISTOPHER HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD DAVIS, et al.,<br><br>    Defendants. | Case No.  23-cv-06620-VC<br><br>**ORDER DISMISSING CASE ON STATUTE OF LIMITATIONS GROUNDS** |

The case is dismissed with prejudice due to Hamilton's failure to file suit within the applicable statute of limitations. A complaint "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts" establishing the claim is timely. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Here, that standard is satisfied.

In the complaint, Hamilton alleges he was exposed to Covid-19 in June 2020 while incarcerated at San Quentin, which means the statute of limitations would normally begin to run at that time. However, because Hamilton was incarcerated, he can avail himself of California's tolling provision for the disability of imprisonment, meaning that the clock would not begin running until he was no longer incarcerated. *See* Cal. Civ. Proc. Code § 352.1. According to the complaint, Hamilton was released from prison on December 3, 2020. Thus, because Hamilton filed his complaint on November 3, 2023, it is clear from the face of the complaint that he failed to bring this action within the applicable two-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("[A] § 1983 action filed in California today would clearly be governed by California's new two-year statute of limitations for personal injury actions.").

In response to the court's Order to Show Cause, Hamilton argues that because he was on

parole until December 24, 2021, the statute of limitations was tolled until that date, making his lawsuit timely.[1] Under California law, if a cause of action accrues while a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," the statute of limitations is tolled. *See* Cal. Civ. Proc. Code § 352.1. Although the statutory language is not a model of clarity, the justification for such a tolling provision is to protect prisoners who have a "more limited ability to investigate their claims, to contact lawyers and to avail themselves of the judicial process." *Elliott v. City of Union City*, 25 F.3d 800, 804 (9th Cir. 1994). That same reasoning does not apply to people who are on parole and no longer in physical custody. Moreover, the case law does not support applying the tolling provision to time spent on parole. *Deutch v. Hoffman*, 165 Cal. App. 3d 152, 155 (Ct. App. 1985) ("[T]he reasons previously enunciated to justify depriving a classic prisoner, i.e., a prison inmate, access to the courts to prosecute a civil action were never truly applicable to a parolee."); *see also Blanas*, 393 F.3d at 928 ("[W]e have held that 'actual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment.").

**IT IS SO ORDERED.**

Dated: May 13, 2024

_____
VINCE CHHABRIA
United States District Judge

---

[1] Hamilton first responded to the Order to Show Cause on April 1 by submitting exhibits of his inmate identification card showing the date of December 3, 2020, and an email from December 24, 2021 indicating his discharge from parole. *See* Dkt. No. 21. He filed a further response on April 8 in which he argues his lawsuit is timely because he "remained in the custody of California Department of Corrections and Rehabilitations till he was released therefrom on December 24, 2021." Dkt. No. 22.